UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TIMOTHY AUGUSTUS WARD                                              Plaintiff

v.                                              Civil Action No. 3:20-cv-499-RGJ

A&A AUTO SALES  *et al.*                                          Defendants

\* \* \* \* \*

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Timothy Augustus Ward filed this *pro se* action proceeding *in forma pauperis*. This matter is now before the Court upon initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  Upon review, the Court will dismiss one of the Defendants and allow claims against the other Defendant to proceed.

## I.

Plaintiff sues A&A Auto Sales (A&A) and Thompson & Shreve, PLLC (Thompson & Shreve).  Under the heading "FACTS" pertaining to A&A, Plaintiff states that he and A&A signed a bill of sale for a vehicle on December 2, 2019.  He asserts that he put money down and agreed to make payments to buy the vehicle "that had between 137[,]000-138[,]000 miles."  He states that "the parties did not sign a retail installment contract that gives security interest in the vehicle."  Plaintiff maintains that when he bought the vehicle the odometer mileage was between 137,000 and 138,000 miles.  He asserts that "after investigating the issues with the title the Plaintiff found out the title has over 187[,]000 miles."  He states that "Defendant altered the mil[e]age on the vehicle."  Plaintiff also maintains that A&A "called the Plaintiff wanting the Plaintiff to sign a different agreement with the Defendant."  He asserts that A&A "refused to turn

over the title and properly register the vehicle unless the Plaintiff gives security interest in the vehicle." He states, "Plaintiff refused to agree to the defendant[']s demand, the Plaintiff agreed to look at the agreement, the agreement was never sent to the Plaintiff, [and] the Plaintiff stated he had a BILL OF SALE and he was not obligated to sign any other agreement." He alleges that the Kentucky Motor Vehicle Commission has cited A&A for "failure to transfer" and that "it is a crime in the State of Kentucky for a Dealership not to transfer the Title and Properly Register the vehicle with the County Clerk."

Plaintiff maintains that A&A violated 49 U.S.C. §§ 32701 *et seq.* and the Kentucky Consumer Protection Act. He asserts that A&A failed to provide him "with a complete odometer disclosure statement with the correct mil[e]age"; failed to transfer the title to him and properly register the car with the county clerk; and caused him financial harm.

Under the heading "FACTS" pertaining to Thompson & Shreve, Plaintiff states that A&A "hired Gregory Thompson to handle the issue with the vehicle." He states that "he tried to deal with Gregory Thompson several times to work the issues with the A& A Auto Sales." He asserts that "Gregory Thompson admitted the Defendant A&A Auto Sales had a legal obligation under Kentucky law to transfer the vehicle and properly register the vehicle." He further states, "Gregory Thompson knows the Defendant A&A Auto Sales is committing a criminal act by not transferring the vehicle not registering the vehicle and dealing with the odometer issues." Plaintiff maintains, "Gregory Thompson stated the Defendant A&A Auto Sales will not transfer the title and properly register the vehicle unless the Plaintiff gives security interest in the vehicle." He also states, "Gregory Thompson has assisted the Defendant A&A Auto Sales in committing this Criminal Act" and that "Gregory Thompson is Aiding and

Abetting this criminal act."  He asserts, "Greg Thompson is violating the Kentucky Rules of Professional Conduct by assisting A&A Auto Sales in this criminal act."

## II.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action.  28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09.  Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations."  *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Upon review of the complaint, the Court will allow Plaintiff's claims to proceed against A&A.

However, with regard to Thompson & Shreve, Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While the Court has a duty

to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). The pleading standard set forth in Rule 8 "'does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted)).

Upon review of the complaint, the Court finds that Plaintiff states no allegations against Thompson & Shreve. Therefore, Thompson & Shreve will be dismissed as a Defendant to this action.

### III.

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claims against Thompson & Shreve are **DISMISSED** for failure to meet the pleading standards of Rule 8(a) and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court will enter a separate Order directing service upon A&A.

Date:

cc:     Plaintiff, *pro se*
        Defendants
A961.010